UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| James Anderson,<br>individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　-v.-<br>Midland Credit Management, Inc.;<br>Midland Funding, LLC;<br>and John Does 1-25,<br>　　　　　　　　　　　　　　Defendant(s). | Civil Action No: 4:20-cv-3834<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff James Anderson, a Texas resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Midland Credit Management, Inc. ("Midland Credit") and Midland Funding, LLC ("Midland"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　　The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate

to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692 (b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692 (e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692 (b), the Act gave consumers a private cause of action against debt collectors who fail to comply. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Montgomery, residing at 15650 Walden Road, Apt 3212, Montgomery TX 77356.

8. Defendant Midland Credit is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692 (a)(6) and used in the FDCPA with an address at 3500 Camino De La Reina, Suite 300, San

Diego, California 92108 and can be served c/o Corporation Service Company 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

9. Upon information and belief, Defendant Midland Credit is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692 (a)(6) and used in the FDCPA with an address at 3500 Camino De La Reina, Suite 300, San Diego, California 92108 and can be served c/o Corporation Service Company 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

11. Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23 (a) and 23 (b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. to whom Defendant Midland Credit sent an initial letter;

    c. on behalf of Midland;

    d. attempting to collect a consumer debt;

      e. in two sub-classes where the letter:

          1. stated that it was attempting to collect on a "Legal Collections account";

          or

          2. stated the title of the individual debt collector was "Group Manager" although that individual did not manage other employees;

      f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. §§ 1692e and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the above allegations as if set forth herein.

23. On or about May 1, 2020, Defendant Midland Credit sent the Plaintiff a collection letter on behalf of Defendant Midland. A copy of this letter is attached as Exhibit A.

24. The underlying alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically personal purchases on a personal credit card.

25. Defendants are engaged in business, the principal purpose of which is the collection of debts.

26. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

27. The letter states "we are offering you flexible options to resolve your Legal Collections account".

28. Defendants do not explain what is a Legal Collections account.

29. The underlying debt did not arise from a lawsuit.

30. Defendants use the phrase Legal Collections to deceptively collect the debt.

31. It can imply multiple things that are deceptive or false such as that this debt arose from a lawsuit, that a lawyer is involved in collecting the debt, or even that a lawsuit is contemplated in the near future.

32. The letter is subject to one or more interpretations at least one of which is false.

33. The letter is also signed by a Boris Salamakhin.

34. Mr. Salamakhin is identified as a "Group Manager".

35. Upon information and belief, Mr. Salamakhin does not manage any employees.

36. It is therefore deceptive and unfair to imply that he does.

37. Defendants included this title as it gives the impression that the named person is of a higher authority than is true.

38. This improperly pressured the consumer to pay.

39. Mr. Anderson suffered emotional distress and waste of time and money due to Defendants actions.

40. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

41. Plaintiff repeats the above allegations as if set forth herein.

42. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendants violated said section by:

   a. Falsely representing the character and/or legal status of the debt in violation of §1692e (2)(A);

   b. Impliedly threatening to take action that Defendants did not intend to take in violation of §1692e (5);

   c. Sending a written communication that creates a false impression as to its source, authorization, or approval in violation of §1692e (9);

   d. Making a misleading representation in violation of §1692e (10) by including a sentence that is open to multiple interpretations, at least one of which is false, including using a title for the individual debt collector that is false or misleading.

45. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

46. Plaintiff repeats the above allegations as if set forth herein.

47. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

48. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

49. Defendants violated this section by

   a. Unfairly implying that the named collector has more authority than is true;

   b. Unfairly threatening to take action that Defendants did not intend to take;

   c. Unfairly sending a written communication that creates a false impression as to its source, authorization, or approval;

   d. Making statements that are open to multiple interpretations, at least one of which is false.

50. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James Anderson individually and on behalf of all others similarly situated demands judgment from Defendants as follows:

   i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

   ii. Awarding Plaintiff and the Class statutory damages;

   iii. Awarding Plaintiff and the Class actual damages;

    iv.       Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v.       Awarding pre-judgment interest and post-judgment interest; and

    vi.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 11, 2020                              Respectfully Submitted,

                                                By:/s/ Yaakov Saks *pro hac vice pending*
Yaakov Saks
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ, 07601
(201) 282-6500 x101
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*